# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

**HENRY LEONARD**                          **CIVIL ACTION NO.: 5:13-CV-02717**

**VERSUS**                                 **JUDGE: S. MAURICE HICKS**

**JAMES LEBLANC, ET AL.**                  **MAGISTRATE JUDGE HAYES**

### MEMORANDUM ORDER[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Compel, [doc. # 23], filed by Plaintiff Henry Leonard.  Plaintiff asks the Court to

compel depositions and responses to his first set of interrogatories and requests for production of

documents.  Defendants oppose the Motion.  [doc. # 29].  For the reasons set forth below, the

Motion is **GRANTED IN PART**.

### Background

Plaintiff filed suit against Defendants James M. LeBlanc, Dr. Raman Singh, Jerry

Goodwin, Paula Willwee,[2] and the Louisiana Department of Public Safety and Corrections on

September 20, 2013.  [doc. # 1].  Plaintiff is an inmate in the custody of Louisiana's Department

of Corrections (DOC).  *Id.*  He is incarcerated at the David Wade Correctional Center ("DWCC")

in Homer, Louisiana, and he complains that Defendants "are acting and have acted with

deliberate indifference" to his "serious dental needs, in violations of his rights under the Eighth

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] The Clerk of Court dismissed the incorrectly named Defendant Paula Willwee on February 26, 2014.  [doc. # 10].  Plaintiff filed an amended complaint on March 12, 2014, and added Paula Millwee as a Defendant.  [doc. # 14].

and Fourteenth Amendments to the United States Constitution . . . ."  *Id.* at 10.  Plaintiff also seeks to represent a putative class of similarly situated inmates—and former inmates—at DWCC.  *Id.* at 2.

Plaintiff claims, in general, that Defendants fail to employ a full time dentist, fail to employ a dental assistant, utilize an inadequately trained medical doctor for dental care, force inmates to wait months for dental appointments, "subject inmates to denial and delay of all services," ignore "follow up care," and delay screening "incoming inmates . . . for almost a year." *Id.* at 6-9.  He defines the proposed class as follows:

> All inmates who, while confined at David Wade Correctional Center on or after January 1, 2011, made a request for treatment of dental pain and were not examined by a qualified and licensed dentist within 7 days of that request.

*Id.* at 3.[3]

Plaintiff also makes more particularized allegations concerning himself and another inmate at DWCC, Robert Melancon.  *Id.* at 8.  He claims that Defendants failed to properly treat his broken tooth in December of 2011 and Mr. Melancon's broken tooth in June of 2013.  *Id.*

## Law and Analysis

Rule 26(b)(1) of the Federal Rules of Civil procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  FED. R. CIV. P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

---

[3] Plaintiff has not filed a motion for class certification.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections.  *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"  *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citing *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996)); *see also Quarles*, 894 F.2d at 1484-85 (noting that to say that a request for production or an interrogatory was "overly broad, burdensome, oppressive and irrelevant was not adequate to voice a successful objection . . . .").

The discovery rules are accorded broad and liberal treatment in order to achieve their purpose of adequately informing litigants in civil trials.  *Hebert v. Lando*, 441 U.S. 153, 177 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries."  *Sanders*, 437 U.S. at 351.  A plaintiff is not permitted to "go fishing," and trial courts retain "discretion to determine that a discovery request is too broad and oppressive."  *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978).  A court may limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed

3

discovery outweighs its likely benefit.  FED. R. CIV. P. 26(b)(2)(C).

A. Interrogatory No. 6

Plaintiff asks the Court to compel Defendants to "identify any and all contracts and/or agreements entered into by the Defendant for the provision of dental treatment/services for inmates housed at DWCC."  [doc. # 23-3, p. 10].  However, Plaintiff filed a Reply on January 20, 2015, and indicated that Defendants satisfactorily responded to the Interrogatory.  [doc. # 30-2, p. 7].  Thus, Plaintiff's Motion, with respect to Interrogatory No. 6, is **DENIED AS MOOT**.

B. Interrogatory No. 7 and Requests for Production Nos. 3 & 29

Interrogatory No. 7 asked Defendants to "identify, describe and provide all documentation of any and all complaints and civil actions filed, during the past ten years, against the State, alleging a failure to provide dental treatment, alleging pain, suffering or injuries as a result of delay or refusal to provide such treatment, or otherwise involving inadequate dental treatment and state the following: a) The substance of any charges made; b) The names and addresses of all charging parties; c) The date and outcome of each such charge, including the date and nature of any internal DWCC disciplinary action; d) The case name, court name and location, document number, if any; e) The name and address of counsel involved of each case and f) The case verdict of settlement, if any."  [doc. # 23-3, p. 34].

Request No. 3 asked Defendants to produce "[a]ny and all forms, records and/or requests including but not limited to sick call, urgent sick call and grievances completed by inmates seeking dental treatment since January 1, 2008."  *Id.* at 39.  Request No. 29 asked Defendants to produce "a true and correct copy of any and all DWCC inmate grievances relative to dental care for the past five years."  *Id.* at 23.

4

Defendants objected on the basis that the information sought was irrelevant, vague, overly broad, and unduly burdensome.  [doc. # 29, p. 3-4].  As to the relevancy, Defendants asserted that the information requested was unrelated to the Plaintiff's particular allegation.  *Id.*  Defendants apparently concede that the information is relevant to the class allegations, but they argue that the Court has not certified Plaintiff's proposed class.  *Id.*  In other words, they argue that, at present, discovery should be limited to Plaintiff's individual allegations.

Defendants argument is not persuasive.  In light of Rule 23(c)(1), which instructs district courts to decide whether to certify an action as soon as practicable, it is imperative that district courts "be permitted to limit pre-certification discovery to evidence that, in [their] sound judgment, would be necessary or helpful to the certification decision."  *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (citation omitted).  "'[A] certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action.'"  *Id.* (citing *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977)).

Pursuant to Rule 23(a), all class actions must satisfy the following prerequisites: (1) the class is so numerous that joinder of all members is impracticable [i.e. numerosity]; (2) there are questions of law or fact common to the class [i.e. commonality]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [i.e. typicality]; and (4) the representative parties will fairly and adequately protect the interests of the class [i.e. adequacy of representation].  FED. R. CIV. P. 23(a).  Here, the requested information is clearly relevant to the Rule 23(a) requirements.  Thus, this objection is overruled.[4]

---

[4] Defendants object on the same basis to Interrogatory No. 11, Requests for Production Nos. 5, 9, 10, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31, 35, and 36, and Request for Inspection No. 1.  These objections are likewise overruled.

5

Defendants also maintain that Plaintiff's requests are unduly burdensome because they require Defendants to visually inspect each inmate's—current and former—individual prison file. [doc. # 29, p. 3].  Defendants explain that DWCC houses over 1,200 inmates at any given time and that inmate files are "not compiled in a central file or registry."  *Id.*

As to this objection, if Defendants do not maintain a central repository comprising the requested information, and if it is truly too burdensome for Defendants to cull the requested information from each individual file, then Plaintiff's counsel may query the current and former DWCC inmates via questionnaire to obtain the necessary information or to narrow the scope of the requests.[5]   However, the temporal scope of any query or survey should be limited to inmates who have been at DWCC within the last **five (5) years**.[6]  Counsel shall also limit the inmate questionnaire to the following:

> (1) When you first arrived at David Wade Correctional Center ("DWCC"), did you receive a dental screening or dental examination?  If so, how long after you arrived at DWCC did you receive a screening or examination? (2)  Did you receive any dental treatment while incarcerated at DWCC? If so, when did you receive the treatment? (3) If you received dental treatment while incarcerated at DWCC, were you treated at DWCC or were you transported to an outside facility? (4) If you received dental treatment while incarcerated at DWCC, what were the names of the individuals who treated you, if known? (5) If you received dental treatment while incarcerated at DWCC, was it a routine checkup or did you make a sick call request or other request for dental care? (6) Have you made a request for dental care while incarcerated at DWCC?  If so, when did you make the request for dental care? (7)

---

[5] If, on the other hand, Defendants do maintain such a repository, they must allow Plaintiff's counsel to examine it. The undersigned questions whether the requested information would required the examination of every inmate file given the fact that inmates seeking dental care would make a sick call request and would then be put on a list to see a healthcare provider. It appears that Defendants could narrow their search by first reviewing the sick call and inmate transportation records and then by pulling only the files of inmates who requested dental care.

[6] If after receipt of the survey results, Plaintiff's counsel finds a basis to support a request for a survey or query spanning more than five (5) years, he may seek permission via motion.

Did you receive treatment or care in response to your sick call or other request for dental care?  If so, how long did you have to wait to receive treatment after you made your request?  (8) Have you ever filed an administrative grievance, complaint, or civil action relating to the dental care you received while incarcerated at DWCC?  If so, when did you file the grievance, complaint, or civil action? (9) If you have filed an administrative grievance, complaint, or civil action relating to the dental care you received while incarcerated at DWCC, please provide the following information:

(a) the substance of any charges made; (b) the names and addresses of all charging parties; (c) the outcome of each charge, including the date and nature of any internal DWCC disciplinary action; (d) the case name, court name, and document number, if any; (e) the name and address of any attorney involved; and (f) the case verdict or settlement, if any.

(10) There is a civil action currently pending before the U.S. District Court for the Western District of Louisiana concerning the dental care at DWCC.  Are you willing to sign a medical release to allow the attorneys in the pending case to review your medical records?  If so, please sign the attached medical authorization form.

Finally, Defendants contend that "grievances, complaints, etc., written and/or submitted by other individuals who are not a party to this suit are considered confidential, and that said individuals have not waived their right to privacy." *Id.*  However, Defendants have not provided information sufficient to allow the undersigned to evaluate the seriousness of this objection.  For instance, Defendants have not explained what, if any, sensitive information is actually contained in the requested documents.  Thus, this objection is overruled.  That said, upon presentation, the undersigned will sign a properly drafted protective order limiting review of the documents to Plaintiff's counsel, counsel's staff, and any expert that counsel retains.  Insofar as the requested information contains privileged inmate information, Defendants must provide a privilege log, and Plaintiff's counsel must obtain written consent from the inmate to review the privileged material.  Defendants shall assist Plaintiff's counsel in obtaining the required consent and locating any former inmate.

C. Interrogatory No. 10 and Request for Production No. 33

Interrogatory No. 10 asked Defendants to "[d]escribe the screening process or processes performed by DWCC to identify any urgent or emergency medical or dental condition requiring immediate attention used from 2008 to the present.  Please state the average wait time as of your answer, and as of January 1 and July 1 of each year since 2008, between an inmate's requests for treatment and receipt of treatment for urgent conditions, emergency conditions and routine requests at DWCC."  [doc. # 23-3, p. 14].

Request for Production No. 33 asked Defendants to provide "true and correct copy of any and all documents which tend to show: (1). the current average wait time between a request for dental treatment and the time the inmate sees a dental provider policies or regulations related to how the dental treatment; and (2). The average wait time on January 1 and July 1 for each year since 2008."  *Id.* at 24.

Defendants objected on grounds that the Interrogatory and Request were overly broad and unduly burdensome because "the information requested is maintained in the prison file of each individual inmate and is not compiled in a central file or registry."  [doc. # 29, p. 4].  Plaintiff appears to accept Defendants' objection in part; however, Plaintiff maintains that he is entitled to "any studies or statistical data pertaining to wait times for urgent or non-urgent dental care . . . ." [doc. # 23-1, p. 16 (emphasis removed)].  The Court agrees.

If Defendants maintain any data compilations responsive to the instant Interrogatory and Request for Production, they are ordered to produce them.  In addition, as explained above, to the extent that Defendants do not maintain a central repository comprising the requested information, and if it is truly too burdensome for Defendants to cull the requested information from each

8

individual file, then Plaintiff's counsel may poll inmates who have been at DWCC within the last

five (5) years to obtain the necessary information or to narrow the scope of the requests.[7]

D. Interrogatory No. 11 and Requests for Production Nos. 5, 9, 10, 23, & 24

Interrogatory No. 11 asked Defendants to "state whether evaluations of any of the dental

providers at the DWCC, or of the dental treatment  program at DWCC generally, were conducted

during the last ten years by any consultants, outside agencies, internal audit, state agency or

otherwise. If so, please state the date the evaluation(s) was conducted, the identity of the

evaluator, results of the evaluations and whether disciplinary or any other actions were taken

either as a result of the evaluation or otherwise."  [doc. # 23-3, p. 15].

In response, Defendants attached a copy of the latest peer review conducted at DWCC

and informed Plaintiff that "evaluations of the dental providers for DWCC (Peer Reviews) are

conducted every two (2) years."  *Id.* at 38.  In the instant Motion, Plaintiff contends that

Defendants are withholding additional peer reviews: "Defendants have not explained why they

have produced only an October 2012 peer review when it is established they are done every two

years."  [doc. # 30-2, p. 14].

Considering that Defendants do not object to the Interrogatory or otherwise establish that

the requested information does not exist, is privileged, or is irrelevant, Defendants' objection is

overruled.  However, as Plaintiff's allegations only relate back to 2011, Defendants are ordered

to produce the requested peer reviews from **2010 to 2014**.

Request for Production No. 5 asked Defendants to provide "[c]opies of each and every

dental provider's personnel file, including but not limited to, job applications, resumes, CV's,

---

[7] Counsel shall limit the inmate poll to the questions outlined above in Section "B."

training, duties, performances, absences, disciplinary actions, complaints and medical records."
[doc. # 23-3, p. 18].  Request No. 10 asked Defendants to provide "[c]opies of all dental
providers performance evaluations conducted during the past ten years by any consultants,
American Correctional Association, any third party agencies, state audit, parish grand jury or
federal agencies for the past five years."  *Id.* at 19.

Request No. 23 asked Plaintiff to provide a "true and correct copy of any and all
documents related to any accrediting, credentialing, evaluation or inspection of your dental health
care system for inmates in your custody by any third party agency such as the American
Correctional Association, the American Dental Association, the Louisiana Dental Association or
other similar group or organization."  *Id.* at 22.  Request No. 24 asked Defendants to provide "a
true and correct copy of any and all documents related to any internal inspection or evaluation of
the dental services provided by DWCC."  *Id.*  Request No. 9 asked Defendants to produce "[a]ny
and all documents related to investigative reports relevant to complaints filed against dental
providers employed by the State for the period from 2008 to present, identifying the name, title,
and address of the person who conducted such investigation."  *Id.* at 41.  Request No. 29 asked
Defendants to produce "a true and correct copy of any and all DWCC inmate grievances relative
to dental care for the past five years."  *Id.* at 23.

Defendants argue that the "personnel file information of each and every dental provider,
past and present, who are not a party to this suit is considered confidential . . . ."  [doc. # 29, p.
7].  However, Defendants have not explained what, if any, sensitive information is actually
contained in the requested documents.  Thus, this objection is also overruled.  That said, upon
presentation, the undersigned will sign an agreed protective order limiting review of the

10

requested documents to Plaintiff's counsel, counsel's staff, and any expert that counsel retains.
To the extent that the requested information contains privileged information, Defendants must
produce and serve a properly documented privilege log within the deadline applicable below.

Defendants argue further that the Requests are overly broad and unduly burdensome
because "the information requested is not compiled in a central file or registry."  Defendants have
not offered any evidence or testimony which would explain the process required to obtain such
records, the amount of time or cost that would be expended in compiling such records, or any
other information to establish that production would be overly onerous, and the undersigned
cannot imagine that there have been so many dentists working for DWCC within the last five
years that such a process would truly be unduly burdensome.  Accordingly, Defendants shall
produce this information, limited to the last **five (5) years**.

Finally, Defendants argue that "they are not the custodian for the records sought for
contract or third party providers of dental care."  *Id.*  They claim that "production of such
information must be obtained from the individual's employer."  *Id.*  Federal Rule of Civil
Procedure 34(a) provides that a party may only request production of documents "in the
responding party's possession, custody, or control."  Obviously, Defendants need only produce
the information that they possess or control.  However, Defendants must identify each individual
provider and supply the dates during which each provider provided services at DWCC, along
with each provider's last known addresses and telephone number.

With all of that said, the Court recognizes that Defendants have yet to produce
information responsive to requests that they did not object to.  In this vein, the Court orders
Defendants to produce any and all information from the last **five (5) years** that is responsive to

11

the requests they did not object to.

E. Requests for Production Nos. 14, 22, 27, & 28

Request for Production No. 14 asked Defendants to produce "a true and correct copy of any and all logs or other records containing the inmate's name, identification number and date of service for all inmates who received examination of treatment from a dental provider at DWCC January 1, 2008 to present." [doc. # 23-3, p. 43]. Request No. 22 asked Defendants to produce "a true and correct copy of any and all logs or other records containing the inmate's name, identification number and date of service for all inmates who received examination or treatment from a dental provider from January 1, 2008 to present." *Id.* at 47.

Request No. 27 asked Defendants to produce "any documents, logs, or reports related to the kinds of dental treatment provided to inmates at DWCC for the past five years; for each service listed please specify whether the treatment was rendered at DWCC or was the inmate taken to an outside facility." *Id.* at 50. Request No. 28 asked Defendants to produce "a true and correct copy of any and all DWCC inmate requests for dental examination, treatment or healthcare for the past five years." *Id.* at 51.

Defendants argue that the "information regarding the treatment received from a dental provider by individual[s] who are not a party to this suit are considered confidential . . . ." [doc. # 29, p. 8]. However, Defendants have not explained what, if any, sensitive information is actually contained in the requested documents. Thus, this objection is also overruled. That said, upon presentation, the undersigned will sign an agreed protective order limiting review of the requested documents to Plaintiff's counsel, counsel's staff, and any expert that counsel retains. Insofar as the requested information contains privileged information, Defendants must produce

12

and serve a properly documented privilege log within the deadline below.

Defendants argue further that the Requests are overly broad and unduly burdensome because "the information requested is not compiled in a central file or registry."  As most prisons have sick call logs, prisoner transport logs, and other logs which can be used to find the information sought, the undersigned finds it difficult to believe that obtaining the information will be unduly burdensome.  However, if there are no such logs at DWCC, then Plaintiff's counsel may circulate a questionnaire to the current and former DWCC inmates to obtain the necessary information or to narrow the scope of the requests.  However, the temporal scope of any such query or survey should be limited to inmates who have been incarcerated at DWCC within the last **five (5) years**.[8]  If Defendants do maintain such lists, whether they are in a central repository or not, they must provide same to Plaintiff's counsel.

F. <u>Request for Production No. 8</u>

Plaintiff asked Defendants to produce "all insurance policies, cover sheets and other documents regarding any insurance coverage or other indemnification agreement which may be available to satisfy all or part of any judgment in this action."  [doc. # 23-3, p. 41].  Defendants responded and explained that "the State of Louisiana is self-insured for the allegations of loss made subject to this lawsuit, with said program of self-insurance being administered by the Office of Risk Management, Division of Administration."  [doc. # 29, p. 9].  Defendants maintained, however, that "a copy of the insurance policy will be provided," and that "not providing the aforementioned documentation following their original response to Plaintiff's

---

[8] Counsel shall also limit the questionnaire to the questions outlined above in Section "B."

13

request for production was nothing more than an oversight." *Id.* at 9-10.

Plaintiff filed a Reply on January 20, 2015. [doc. # 30-2]. Plaintiff submits that Defendants still have not provided the requested documents as they indicated they would. *Id.* at 16. Defendants are ordered to produce the requested documents.

G. Request for Production No. 11

This Request asked Defendants to produce "[c]opies of written or recorded statements taken relative to this action." [doc. # 23-3, p. 42]. Defendants objected as follows: "any statement provided by [Defendants'] employees is considered as work produced in anticipation of litigation and preparation for trial. Defendants contend that not providing a Privilege Log following their original response to Plaintiff's request for production was nothing more than an oversight. Defendants assert that this action was neither willful nor intentional, and will be responded to forthwith." [doc. # 29, p. 10].

As Defendants indicate, they have not produced a privilege log that would enable Plaintiff to assess their claim.[9]  Thus, they have not established that the requested documents are eligible for protection.[10]  However, the undersigned will allow them to provide Plaintiff's counsel with a properly documented privilege log served within the deadline applicable below. Therefore,

_____

[9] Defendants are obliged to "describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess" the applicability of the privilege or protection. FED. R. CIV. P. 26(b)(5)(A)(ii). A "blanket" assertion of privilege does not suffice. *In re Shell Oil Refinery*, 812 F. Supp. 658, 661 (E.D. La. 1993).

[10] At a minimum, a privilege log should include for each withheld document or entry: the date of the document or entry, the name of its author and recipient, the names of all people given or forwarded copies of the document or entry, the subject(s) of the document or entry, and the specific privilege or privileges asserted. *See, Haensel v. Chrysler Corp.*, 1997 WL 537687, at *4 (E.D. La. Aug. 22, 1997).

14

should Plaintiff challenge the claim of privilege for any document, appropriate motion practice can follow.

H. Requests for Production Nos. 13, 15, 16, 18, & 19

      Request No. 13 asked Defendants to produce "[c]opies of all DWCC financial reports during the past ten years identifying expenditures relevant to inmate dental care."  [doc. # 23-3, p. 43].  Request No. 15 asked Defendants to produce "a true and correct copy of any and all budgets for DWCC for the past five years."  *Id.* at 44.  Request No. 16 asked Defendants to produce "a true and correct copy of any and all budgets from the Louisiana Department of Public Safety and Corrections for the past five years."  *Id.*

      Request No. 18 asked Defendants to produce "a true and correct copy of any and all documents, letters, requests, reports, records, study, research, memoranda, documents, logs, or correspondence containing a request for or analysis of or response to a request for increased expenditures, hiring additional staff or employees, or changes or modifications for inmate dental services at DWCC or any other correctional facility in the past ten years."  *Id.* at 45.  Request No. 19 asked Defendants to produce "a true and correct copy of any and all documents, letters, requests, reports, records, memoranda, documents, logs, or reports containing a request for increased expenditures, hiring additional staff or employees, or changes or modifications for inmate dental services any DOC facility."  *Id.* at 46.

      Defendants objected on the grounds that the temporal scope of the requests were too broad.  [doc. # 29, p. 10-12].  The Court agrees as to Request Nos. 13 and 18.  Defendants are ordered to produce responsive documents to Requests Nos. 13, 15, 16, 18 and 19 limited to the

last **five (5) years**.[11]

I. <u>Request for Production No. 31</u>

Plaintiff asked Defendants to produce "a true and correct copy of any and all documents including requests for care, complaints of care, and any related to dental health treatment, examination and care" for the following inmates: Henry Leonard, Robert Melancon, Randall Bascoe, Allen Gaskin, Robert Hallal, Roderick Moore, Timothy Gerald, and Johnny Johnson. [doc. # 23-3, p. 53].

Defendants objected on the grounds that the aforementioned inmates are not parties and their files "are considered confidential . . . ." [doc. # 29, p. 15]. However, for the reasons discussed above, this objection is overruled. That said, upon presentation, the undersigned will sign a properly drafted protective order limiting review of the documents to Plaintiff's counsel, counsel's staff, and any expert that counsel retains. To the extent that the requested information contains privileged inmate information, Defendants must provide a privilege log, and Plaintiff's counsel must obtain written consent from the inmate to review the privileged material. Defendants shall assist Plaintiff's counsel in obtaining each inmate's written consent and in locating any former inmate.

J. <u>Deposing Witnesses</u>

Plaintiff sought to depose Warden Goodwin, Paula Millwee, Daniel Moore, Dr. Singh, Mr. LeBlanc, Dr. Cannon, and Dr. Brignac. [doc. # 23-3, p. 66]. Defendants state that they will comply with Plaintiff's request. [doc. # 29, p. 18]. They explain that "not providing the Plaintiff

---

[11] Defendants objected to Requests Nos. 20, 21, 25, and 26 on the same basis. However, these Requests were properly limited to last five (5) years. Thus, Defendants' objections are overruled.

16

with available deposition dates following his request was nothing more than an oversight."  *Id.*

Defendants are ordered to cooperate with Plaintiff and schedule the requested depositions promptly.  The undersigned reminds Defendants of their obligation to cooperate in the discovery process.  Any further oversights of this nature may lead to sanctions against the party or attorney at fault.

K. Attorney's Fees

When a motion to compel is granted, the Court is authorized to require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  FED. R. CIV. P. 37(a)(5).  The Rule provides exceptions for non-disclosures and responses that were substantially justified or for circumstances that make an award unjust.  *Id.*

Here, the Court finds no substantial justification for Defendants' deficient responses. Most of Defendants' objections were unfounded, Defendants failed to provide a privilege log to support their claims of privilege, and the little material that Defendants did produce was incomplete; however, some of defendant's objections were justified, and the plaintiff did not obtain all of the relief which he sought.  Therefore, the Court finds that an award of $500 will reasonably compensate Plaintiff's counsel for the time spent prosecuting the instant Motion.

**Conclusion**

For the reasons stated above, **IT IS ORDERED** that Plaintiff's Motion to Compel, [doc. # 23], is **GRANTED IN PART**, that Defendants shall provide responses to the discovery

requests as limited above within **twenty-eight (28) days** of the date of this Order,[12] and that Defendants shall pay Plaintiff's counsel the sum of $500.00 within the same time period, with proof of payment filed in the record within **thirty-five (35) days** of the date of this Order.

In Chambers, Monroe, Louisiana, this 6th day of February, 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[12] Many of Plaintiff's requests are not limited to DWCC, the only facility that the instant suit concerns.  Defendants may limit the information that they produce to information concerning DWCC only.

18